Filed 12/28/21  P. v. Laws CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>BRIAN KEITH LAWS,<br><br>     Defendant and Appellant. | B313216<br><br>(Los Angeles County<br> Super. Ct. No. KA008785) |

APPEAL from a judgment of the Superior Court for Los Angeles County, Bruce F. Marrs, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Brian Keith Laws appeals from the summary denial of his third petition for resentencing under Penal Code[1] section 1170.95. His appointed counsel filed an opening brief asking this court to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), and Laws filed a supplemental brief. We have considered that supplemental brief and affirm the order denying the petition.

## BACKGROUND

This is the fourth time we have addressed this case. Our summary of the factual and procedural background is taken from our prior opinions, *People v. Laws* (June 30, 1994, B075311) [nonpub. opn.] (*Laws I*), in which we affirmed Laws's conviction, and *People v. Laws* (Apr. 22, 2020, B296014) [nonpub. opn.] (*Laws II*) and *People v. Laws* (May 17, 2021, B307911) [nonpub. opn.] (*Laws III*), in which we affirmed the summary denial of prior section 1170.95 petitions for resentencing.

In June 1991, Laws shot and killed a clerk of a convenience store after demanding and receiving money from the clerk. (*Laws II, supra*, at p. 2, citing *Laws I, supra*, at pp. 3–4, 9–10.) He was charged by information with first degree murder (§ 187, subd. (a)) and second degree robbery (§ 211). The information also included a special circumstances allegation that the murder was committed in the course of a robbery (§ 190.2, subd. (a)(17)), and a personal use of a firearm allegation (§§ 12022.5, subd. (a), 1203.06, subd. (a)(1)). (*Laws II, supra*,

_____

[1] Further undesignated statutory references are to the Penal Code.

2

at p. 2.) A jury convicted Laws on both the murder and robbery counts and found that the special circumstances and firearm allegations were true. (*Id.* at p. 3.) Laws was sentenced to life in prison without the possibility of parole, plus four years for the firearm enhancement; the trial court stayed the robbery conviction under section 654 and struck for the purpose of sentencing the firearm enhancement as to that count. (*Laws II, supra,* at p. 3.) We affirmed the convictions and true findings in *Laws I.*

Laws filed his first section 1170.95 petition for resentencing in 2019. (*Laws II, supra,* at p. 3.) The trial court summarily denied that petition, finding that Laws "'[was] not entitled to relief as a matter of law,' because he 'was convicted of murder but the court file reflects that [Laws] was the actual killer and was not convicted under a theory of felony-murder of any degree, or a theory of natural and probable consequences. There are no jury instructions for aiding and abetting, felony murder, or natural and probable consequences.'" (*Id.* at p. 4.) We affirmed the summary denial in April 2020, rejecting Laws's argument that the trial court was required to accept at face value his declaration that he was not the actual killer and that he was convicted under a felony murder theory or the natural and probable consequences doctrine. (*Id.* at pp. 8, 10, 12.) As we explained, the jury found that Laws committed first degree murder of the store clerk and personally used a firearm in doing so, and we affirmed the jury's verdict; therefore, it has been conclusively established that Laws was the actual killer. (*Id.* at p. 10.)

3

In March 2020, before we issued our decision in *Laws II*, Laws filed a second section 1170.95 petition in which Laws sought to vacate his murder conviction. (*Laws III, supra*, at p. 3.) After we issued our decision in *Laws II*, but before issuance of the remittitur, Laws filed a petition for writ of mandate regarding the trial court's failure to rule on his second section 1170.95 petition. The trial court then summarily denied that section 1170.95 petition, noting that this court, in *Laws II*, had already addressed the issues raised in the petition. (*Laws III, supra*, at p. 3.) Laws appealed from the trial court's ruling, and Laws's appointed appellate counsel filed an opening brief stating he could find no arguable issues to raise on appeal. (*Id.* at pp. 3–4.) Under the procedure set forth in *Serrano, supra*, 211 Cal.App.4th 496, Laws filed a supplemental letter brief that contained no substantive arguments to support his claim that he was entitled to relief under section 1170.95, and instead raised claims regarding his trial and his purported innocence. (*Laws III, supra*, at p. 4.) Finding that all of Laws's arguments previously were considered and rejected in our prior opinions, we affirmed the trial court's order on May 17, 2021. (*Laws III, supra*, at pp. 4–5.)

On April 23, 2021, before we issued our decision in *Laws III*, Laws filed yet another section 1170.95 petition for resentencing, his third. Once again, Laws declared in his petition that he was convicted of first or second degree murder under the felony murder rule or the natural and probable consequences doctrine and could not now be convicted of first or second degree murder because of changes made to sections 188

4

and 189, effective January 1, 2019.  He also requested the appointment of counsel.  On June 7, 2021, the trial court summarily denied the petition on the ground that "[t]he appellate opinion affirming the petitioner's conviction and sentence reflects that the petitioner was the actual killer and was convicted of murder on a theory of being the direct perpetrator and not on a theory of felony murder of any degree, or a theory of natural and probable consequences."  Laws timely filed a notice of appeal (with multiple exhibits attached) from the order denying his petition.

## DISCUSSION

We appointed counsel to represent Laws on appeal.  Counsel filed a brief asking this court to follow the procedures set forth in *Serrano*, *supra*, 211 Cal.App.4th 496.  Accordingly, we sent a letter to Laws advising him that his appointed counsel filed a brief that raised no issues, and that he could submit a supplemental brief or letter setting forth any grounds for an appeal, or contentions, or arguments he wished this court to consider.  Laws submitted a six-page supplemental brief that attached multiple exhibits related to his trial and sentence.

We have read and considered Laws's submission.  All of the issues he raises, except one, challenge various aspects of his trial or sentence, or address his assertions of innocence.  A section 1170.95 petition, or an appeal from the denial of such a petition, is not the appropriate vehicle for such challenges.  Those are issues that either were, or should have been, raised and decided in Laws's original appeal from his conviction, or in a timely petition for writ of habeas corpus.  Because those issues

5

have no bearing on the very narrow scope of a section 1170.95 petition, we need not address those issues here.

The one issue Laws raises that does not relate to his trial is a claim of ineffective assistance of counsel with regard to his appointed counsel in this appeal. In support of this claim, Laws cites *Smith v. Robbins* (2000) 528 U.S. 259 and *Strickland v. Washington* (1984) 466 U.S. 668. Those cases, however, address the constitutional right to effective assistance of counsel at trial or on appeal from the judgment of conviction. As the court in *Serrano* observed, there is no such *constitutional* right on an appeal from a petition filed after a conviction has become final. (*Serrano, supra,* 211 Cal.App.4th at p. 501 ["While the State of California affords defendant the right to appointed counsel in an appeal from a postconviction motion to vacate judgment, that right is a state-created right not a constitutional one"].) In any event, we find no fault by Laws's appointed counsel. By the time counsel filed the opening brief we had already issued two separate opinions affirming the summary dismissal of Laws's first two section 1170.95 petitions on the ground that the record of conviction conclusively established that Laws was not eligible for resentencing under section 1170.95 because the jury found he was the actual killer. Therefore, counsel correctly

concluded there were no arguable issues that could be raised in this appeal from Laws's third section 1170.95 petition.[2]

In short, there is no basis for reversal of the trial court's order dismissing Laws's section 1170.95 petition.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.          MICON, J.*

---

[2]    We note that under *People v. Lewis* (2021) 11 Cal.5th 953 (*Lewis*), our Supreme Court held that when a petitioner files a section 1170.95 petition in which he or she declares that all of the requirements of section 1170.95, subdivision (a) are met and requests the appointment of counsel, it is error for the trial court to determine whether the petitioner has made a prima facie showing that he or she is entitled to relief without first appointing counsel for the petitioner and allowing both the prosecutor and the petitioner to submit briefs. (*Lewis, supra*, 11 Cal.5th at p. 966.) However, the Court held that the trial court's failure to appoint counsel is state law error to which the harmless error test applies. (*Id.* at pp. 973–974.) In light of our decisions in *Laws II* and *Laws III*, finding that Laws is ineligible for resentencing under section 1170.95 because the record of conviction conclusively establishes that he was the actual killer, any error was harmless.

*Judge of the Los Angeles County Superior Court, assigned by the Chief
 Justice pursuant to article VI, section 6 of the California Constitution.